GRANVILLE BRACKEN *v.* COMMONWEALTH.

**Indictment — Receiving Stolen Goods — Possession — Proof.**

    1. The possession of personal property is *prima facie,* though not conclusive, evidence of ownership.

**Same.**

    2. It is not sufficient to prove that the goods were stolen, but it must be proof that the accused knew they were stolen.

**Same.**

    3. What was done and said by the party from whom the defendant received the goods is competent as a part of the transaction.

APPEAL FROM MARION CIRCUIT COURT.

April 27, 1867.

OPINION OF THE COURT BY JUDGE PETERS:

Possession of personal property is *prima facie,* though not conclusive, evidence of ownership in the person in possession, and may

be disproved by other evidence. And in order to the conviction of an individual of the crime of receiving stolen goods, it is not sufficient to prove they were stolen, but there must be proof that the accused knew them to be stolen at the time he received them.

Hence what was done and said by Hourigan, of whom appellant received the stolen property, at the time the exchange was made, is competent as a part of the transaction, and as a circumstance to illustrate the *animus* of the party.

The rejected evidence may have had more or less influence upon the jury favorable for appellant, and as he was deprived of the benefit thereof by the ruling of the court he was prejudiced to that extent.

Wherefore, the judgment is *reversed,* and the cause remanded with directions to set aside the verdict and judgment, and to award a new trial to appellant and for further proceedings consistent herewith.

*Roundtree & Foyle and James, for appellant.*

*Hanlan, for appellee.*